WICKER, J.,
dissents in part and • concurs in part, with reasons.
| ¶While I concur with the majority opinion in most respects, I respectfully dissent from the majority’s conclusions regarding the trial court’s interpretation of the jury verdict form in this case.
First, I disagree with the majority’s finding that “the trial court’s calculation was directly based upon the verdict form.” The verdict form’s Question 8, quoted by the majority, clearly asked the jurors in this case to determine “[w]hat amount of damages will compensate Peggy Williams for any injury or injures [sic] proximately caused by negligence of Walgreen Louisiana Co., Inc. or any of its employees?” (emphasis added). A plain reading of this interrogatory reflects that a reasonable juror would interpret the question as a re *829 quest to ascertain the amount of damages resulting specifically from Walgreens’ fault alone.
Accordingly, I disagree with the majority’s conclusion that the plaintiffs failure to timely object to the verdict form is fatal to their claim on appeal that the trial court erroneously interpreted the verdict form. The plaintiff in this case is not objecting to the verdict form itself, but rather to the trial court’s erroneous interpretation of the jury’s responses. Under Louisiana law, trial courts are required to enter judgment in conformity with the jury’s answers to verdict forms. La. C.C.P. Art. 1812. Therefore, I would amend the judgment in this case to provide for the plaintiffs total | awould amend the judgment in this case to provide for the plaintiffs total recovery of the damages in conformity with the jury’s response to Question 8 of the verdict form, without any further reduction.